UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10186-RGS

THE BANK OF NEW YORK MELLON

v.

JAMES ANTHONY CAMBECE, a/k/a James A. Cambece,
a/k/a J. Anthony Cambece, a/k/a/ James A. Cambece, Jr.[1]

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

December 6, 2021

STEARNS, D.J.

This action arises out of a mortgage on property located at 10 Elizabeth Way, Lynnfield, Massachusetts, given by the defendant James Cambece to The Bank of New York Mellon, N.A. (BNY Mellon NA). Cambece defaulted on his mortgage loan, failing to make any payments on or after February 1, 2019. Plaintiff, Bank of New York Mellon (BONYM), as successor in interest to BNY Mellon NA, filed this action on February 3, 2021, asking the court to enter a conditional judgment and approve the sale of Cambece's interest in the property pursuant to Mass. Gen. Laws ch. 183, § 21. BONYM has moved for summary judgment and Cambece opposes.

---

[1] Defendant signed the Note as James A. Cambece, Jr.

DISCUSSION

"Summary judgment is warranted if the record, construed in the light most flattering to the nonmovant, 'presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 21 (1st Cir. 2018), quoting *McKenney v. Mangino*, 873 F.3d 75, 80 (1st Cir. 2017); *see also* Fed. R. Civ. P. 56(a); *Bryan v. Am. Airlines, Inc.,* 988 F.3d 68, 74 (1st Cir. 2021). The following facts are undisputed:

(1) Cambece gave the mortgage on July 16. 2013 to BNY Mellon, N.A., the predecessor in interest to plaintiff, BONYM.[2]

(2) Cambece defaulted on the loan on February 1, 2019. BONYM thereby acquired the right of possession. *See Maglione v. BancBoston Mortg. Corp.*, 29 Mass. App. Ct. 88, 90 (1990) (Under the Massachusetts title theory of mortgages, the mortgagee acquires the legal title to the property.). "The substance of the contract of mortgage is, that if the debt is not paid, the mortgagee **shall** have the interest in the land which his mortgagor had]." *JPMorgan Chase & Co. v. Casarano*, 81 Mass. App. Ct.

---

[2] In law, the term predecessor in interest simply refers to a person or entity who previously held the rights or interests that are now held by another.

353, 355 (2012) (emphasis supplied), quoting *Palmer v. Fowley*, 5 Gray 545, 547 (1856).

(3) The servicing of the Cambece Loan was transferred to Select Portfolio Servicing, Inc. (SPS) as of November 9, 2018.

(4) On October 29, 2020, SPS sent Cambece a 90-day notice of the right to cure in compliance with Mass. Gen. Laws ch. 244, § 35A. Cambece failed to cure.[3]

(5) The mortgage was assigned to BONYM on November 11, 2020, and recorded with the Essex Registry of Deeds on December 1, 2020.

(6) The mortgage by its own terms incorporates the statutory power of sale.

(7) BONYM filed this action on October 14, 2021; and

(8) Cambece admits in his Answer that he is not on active military duty, accordingly, the Servicemembers Civil Relief act does not apply to him.

Cambece's arguments that BNY Mellon, NA holds the mortgage ("**not** plaintiff BONY", *see* Dkt #32 at 2) and that BONYM has failed to establish that it is in physical possession of the Note have no material bearing on its

---

[3] Under Massachusetts law, the 90-day right to cure a payment default guaranteed by Mass. Gen. Laws ch. 244, § 35A, is not part of the foreclosure process and therefore not one of the strict obligations prerequisite to an assertion of the power of sale. *See U.S. Bank Nat'l Ass'n v. Schumacher*, 467 Mass. 421, 429 (2014).

right to foreclose.[4]  Given the valid assignment, that BNY Mellon, N.A., is a legal entity separate from BONYM is immaterial.  Notwithstanding, "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title."  *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013), quoted in *Wells Fargo Bank, N.A. v. Anderson*, 89 Mass. App. Ct. 369, 372 (2016); s*ee also Giannasca v. Deutsche Bank Nat'l Trust Co.*, 95 Mass. App. Ct. 775, 777-778 (2019) (Massachusetts law does not require a foreclosing mortgagee to show that prior holders of the record legal interest in the property also held the note each time an assignment was made to the next holder in the chain).

Regarding defendant's second salvo, Sherry Benight, SPS's Document Control Officer, attests to the recording of the assignment.  Cambece's assertion that Benight's affidavit is "not competent" (as it is not based on a first-hand "percipient eyewitness" viewing of the note "in the physical possession of the Plaintiff") misapprehends the legal meaning and significance of the requirement that an affiant have "personal knowledge" of records kept in the ordinary course of business.  *See Cadle Co. v. Hayes*, 116

---

[4] Similarly, counsel's discourses on tenancies-by-sufferance and summary process have no material bearing on the issue of BONYM's statutory right to foreclosure.

F.3d 957 (1st Cir. 1997) (sworn statements made on personal knowledge are entitled to weight in the summary judgment balance.). "Personal knowledge" and "percipient witness" are separate and distinct terms, only the first of which has bearing here. S*ee also Sullivan v. Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 205, 209-210 & n.13 (2014) (foreclosing entity must have valid title to the mortgage at the time it gives section 14 notice of foreclosure and at the time of the sale – it need not, however, demonstrate that prior holders of the record legal interest in the mortgage also held title of the note each time its interest in mortgage was transferred to the next holder in the chain). Based on the undisputed material facts, summary judgment will be granted to plaintiff BONYM and the sale of the property may go forward.

## ORDER

For the foregoing reasons, plaintiff's motion for summary judgment is <u>ALLOWED</u>.  The Clerk will enter judgment for plaintiff on all claims (including foreclosure by exercise of the statutory power of sale) and close the case.

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE